IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRIAN T. CHRISTIE, | ) |
| Plaintiff, | ) Civil Action No. 2:13-cv-00596 |
| v. | ) U.S. District Judge Mark R. Hornak |
| PRESIDENT BAROCK OBAMA, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

**Mark R. Hornak, United States District Judge,**

Barack Obama is the incumbent President of the United States. The jurisdiction of the federal courts is limited by Article III of the Constitution of the United States and the statutes passed by Congress to implement those provisions. The Constitution textually commits the fundamental policy judgments of the federal government to its elected, political branches, namely the Congress and the President. These realities put the brakes on this lawsuit, and stop it in its tracks.

Plaintiff filed this action *pro se* against President Barack Obama in his capacity as President of the United States. He complains that the President and "his administration" have not secured our Nation's borders against drug trafficking, or "illegals invading our Nation". ECF No. 1. He claims that the President has "supplied weapons to the drug cartels", and has, seemingly, committed treason by "adhering to our Enemies and giving [sic] and comfort to them." *Id.* He further asserts that the President has "denied pleas for military help in securing our boarders [sic]." *Id.* He also alleges that the President has "refused protection of our Embassy People", and has "worked to

1

suppress our Border Agents efforts" and has "restricted our DEA and let the drug flow from Afghanastan [sic]". *Id.*

As to relief sought, the Plaintiff wants charges of high treason brought against the President and his Administration, the impeachment of any elected officials that have worked with him, money damages in an amount the Court deems just, and the "immediate removal" of the President to "save our Country". *Id.*

Courts may dismiss a claim *sua sponte* when the Complaint affords a sufficient basis for the Court's action, *Bryson v. Brand Insulations, Inc.*, 621 F.2d 556, 559 (3d. Cir. 1980). This is particularly so when any effort at amendment would be legally futile. *Cf. Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). Further, this Court is duty bound to vigilantly assess its own subject matter jurisdiction, and dismiss any case as to which both Article III and Congress have not granted it subject matter jurisdiction.

For a plaintiff to have the standing necessary to bring a civil action within this Court's Constitutional jurisdiction, he must demonstrate that he has suffered an injury-in-fact, and that such injury is particularized to him. Generalized grievances against government action or inaction will not carry the day. *See Berg v. Obama*, 586 F.3d 234, 239 (3d Cir. 2009). This rule of law has been authoritatively and recently confirmed by the Supreme Court. *See Ariz. Christian Sch. Tuition Org. v. Winn*, 131 S.Ct. 1436, 1441-47 (2011); *Hein v. Freedom From Religion Found., Inc.*, 551 U.S. 587, 600 (2007). Read in the light most favorable to him, the Plaintiff's claims are generalized complaints as a taxpayer against the President's actions (or alleged inactions) in executing the laws of the United States, and they do not assert any particularized injury-in-fact to him as the Plaintiff, or a special nexus between the challenged actions and him personally. Thus, he lacks standing to assert and maintain this action, and this Court therefore lacks federal subject matter jurisdiction to adjudicate them. *Berg*, 586 F.3d at 242.

Further, the Court may proceed no further in this case because the Supreme Court has directed that in cases in which private civil litigation seeks to challenge the incumbent President's actions in executing the Office of President of the United States, the doctrine of absolute immunity bars the suit, at least as to damage claims. *Nixon v. Fitzgerald,* 457 U.S. 731, 749-755 (1982). Given the "singular importance" of the duties of the Office of the President[1], this same doctrine obligates the federal courts to resolve such matters as early as possible in the litigation. *Id.* Further, it has long been recognized that the federal courts should refrain from injecting themselves into what are purely and fundamentally policy disagreements as to how the other co-equal branches of the federal government carry out their policy responsibilities when such responsibilities are textually committed to them. *Clinton v. Jones,* 520 U.S. 681, 691 (1997); see *Buckley v. Valeo,* 424 U.S. 1, 122 (1976); *Jackson,* 448 F. Supp 2d at 200-01.

Here, the Complaint also seeks the impeachment of various unnamed federal officials, and the bringing of treason charges against them and the President. The impeachment power and responsibility is, of course, reserved solely to the House of Representatives, with the trial of all impeachments conducted by the Senate, pursuant to Article I, Sections 2 and 3, of the Constitution. *See Nixon v. U.S.,* 506 U.S. 224, 228 (1993). Further, there is no Constitutional or statutory basis for the preference of "high treason" criminal charges against any person by either this Court, or the Plaintiff, and all of the matters for which the Plaintiff seeks relief relate solely to the performance, or claimed non-performance, of the Constitutional obligations of the President under Article II of the Constitution, by an incumbent President. Such matters, in the context of a request for "impeachment" as a remedy, lie solely with the Congress and not with this Court.

---

[1] Of course, these legal principles apply no matter who holds the office of President of the United States. *Jackson v. George W. Bush, et al.,* 448 F. Supp. 2d 198 (D.D.C. 2006).

3

Finally, and for the sake of completeness, all of the matters complained of in the Complaint would appear to boil down to core disagreements by the Plaintiff with how the President is doing the job that he was elected to do, and more pointedly, general disagreements with the "faithfulness" with which the President has executed his office. Such matters, involving the discretionary allocation of Executive Branch resources and the exercise of the President's responsibilities as the Commander in Chief of the Armed Forces of the United States, would appear to be purely political questions, at least in the specific context of the matters alleged in this lawsuit, and would be non-justiciable by this, or any other, federal Court. *See Baker v. Carr,* 369 U.S. 186, 217 (1962) (case is non-justiciable when actions challenged are duties textually committed to a co-equal branch, there are not judicially manageable standards for resolution, the decision requires an inherently non-judicial initial policy determination, and a court's independent resolution would demonstrate an inherent lack of respect for separation of powers principles); *Akere v. Obama,* No. 11-1015, 2011 WL 2173195 (D.D.C. May 31, 2011).

For these reasons, the Court holds that no matter the vigor with which the Plaintiff seeks to assert his claims against the incumbent President of the United States in his official capacity as President, this Court is without the power to hear or adjudicate them, and the Complaint is therefore dismissed.

An appropriate Order will enter.

_____
Mark R. Hornak
United States District Judge

Dated: May 13, 2013

cc: Mr. Brian T. Christie